UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KIRK E. WEBSTER**<br>**43184 GATWICK SQ.**<br>**ASHBURN, VA 20147**<br>**703-587-5341**<br><br>**Plaintiff**<br><br>v.<br><br>**DEB HAALAND,**<br>**SECRETARY,**<br>1849 C Street, N.W. Washington, D.C. 20240.<br>202-208-3100.<br><br>**Defendant.** | Case: 1:23-cv-03050   JURY DEMAND<br>Assigned To : Contreras, Rudolph<br>Assign. Date : 10/13/2023<br>Description: Pro se Gen. Civ. (H-Deck)<br><br>**JURY TRIAL DEMANDED**<br>**DATE: 13 October 2023** |

**COMPLAINT**

1. This is an action for monetary and equitable relief brought by Plaintiff, KIRK E. WEBSTER, SR. seeking redress for violations of his rights under 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, including but not limited to declaratory, injunctive and equitable relief and compensatory damages, and litigation expenses.

II. **JURISDICTION**

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000, et seq., 28 U.S.C. Section 1331 and 1343(3) and (4). The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. Sections 2201 and 2202.

3. The amount in controversy herein exceeds $75,000.00 exclusive of costs and interest.

4. These claims arise out of acts undertaken and injuries suffered in this federal district.

5. Venue is proper in the district court pursuant to 28 U.S.C. Section 1391(b) in that all of the events or omissions giving rise to Webster's claims occurred in this district, and the Defendant may be found in this judicial district.

### III.   THE PARTIES

6. Plaintiff, KIRK E. WEBSTER, SR. is a Black American adult male and resident of Ashburn, Virginia.

8. Defendant, **Deb Haaland**, is the Secretary of the U.S. Department of the Interior, which is located at 1237 Longworth Hob, Washington, DC 20515.

9. Defendant, U.S. Department of the Interior is an employer within the meaning of 42 U.S.C. section 2000e.  Defendant Deb Haaland is sued in her official capacity.

### BACKGROUND INFORMATION

10. Appellant applied for the position of Geographic Information Systems Specialist and was listed as **"eligible for the following position or positions GS-0301-12; You are tentatively eligible for this series/grade combination based on your self-rating of your qualifications,"** but Appellant was "not referred to the hiring manager for position ... I am alleging that in my non-referral to the hiring manager, Appellant was subjected to discrimination on the basis of race (Black) and Reprisal (prior EEO activity).

11. Appellant filed an informal equal employment opportunity (EEO) complaint on 05/19/2022 that was ignored by then Interior Department EEO Director Erica White-Dunston.  Shortly after my email to Ms. Dunston, she submitted to Appellant via email an out of office reply that didn't include her point of contact, **Ms. Alessia Pierre's** email address, because she didn't want

Appellant to contact Ms. Alessia Pierre.

**12.** Per Ms. Dunston's out of office reply, I proactively searched the internet and found the best email match to forward an email to Erica Dunston White's Point of Contact (POC) Alesia Pierre-Louis - still no response. On 06/19/2022, over 30 days after my informal complaint was submitted to EEO Director, Ms. Erica White Dunston, I forwarded an email to both Ms. Erica White-Dunston AND Alesia Pierre-Louis to inform them that **"This is now a formal Equal Employment Opportunity (EEO) complaint. In 180 days, I will request a Hearing from an Administrative Judge of the EEOC."**

**13.** I am alleging that **Interior Department EEO Director,** Ms. Erica White Dunston reviewed the contents of my Equal Employment Opportunity Complaint and concluded that my case was meritorious, and decided to ignore my request for help to file a timely EEO complaint. As promised, I got on the EEO portal submitted a request for an EEO hearing **(Exhibit 1)**. Ms. Erica White Dunston and the Department of the Interior continued to ignore my Hearing request until the EEOC portal system issued a **"Notice of Intent To Sanction" (Exhibit 2).** It was not until then that Ms. Erica White Dunston began to take my EEO complaint seriously. On 27 January 2023, the agency's Counsel filed a response to the EEOC's Intent to Sanction (Exhibit 2). Appellant responded with an opposition to the agency's motion (Exhibit 2).

**14.** I was contacted by a Bureau of Indian Affairs EEO Counselor Catina Marsh, on 17 January 2023, more than 7 months after my formal complaint was filed (Exhibit 3). Ms. Marsh, EEOC Judge Hayot, and the Solicitor General's Attorney all wanted me to start the EEO process from the beginning with no assurance that timeliness would be waived. If timeliness isn't waived then starting the EEO process 7 months later would prove to be futile because most assuredly, the EEO complaint would be dismissed due to being untimely, which is consistent with conversation

between the parties – see transcribed document that was generated from recorded meeting that took place on February 3rd, 2023 (Exhibit 4).  Because of this fact, I decided to reject EEO Counselor, Catina Marsh's invitation to initiate the EEO process at this late stage.

**15. My formal EEO complaint had already been filed well over 180 days prior and I was within my legal right, according to EEOC regulations, to request a Hearing from an EEOC Administrative Judge.**

16.   On February 3rd, 2023, EEOC Administrative Law Judge Danielle Hayot dismissed Appellant's Hearing request without giving me a notice of appeal, as if she were the Judge and jury.  I chided Judge Hayot, via email, for her abuse of the EEO process and the lies she stated in her dismissal letter, which did not include an EEOC OFO appeal (See Exhibit 5 and ??).

17. I informed Judge Hayot that former EEOC Administrative Law Judge (ALJ) David Norken provided me with guidance on how to proceed if an agency refuses to process an EEO complaint of discrimination.  I followed ALJ David Norken's guidance and informed via email, Ms. Erica White Dunston, who was the Department of the Interior's current EEO Director when my complaint was initially submitted, that I would be filing a formal EEO complaint if she had not responded to my email within 30 days.

 Upon filing my appeal to the EEOC OFO, I submitted the following statement. The agency's counsel, Roufeda Galan, submitted an Opposition to Complainant's Appeal on 17 April 2023 (Exhibit 6).

18. Approximately 3 months later, On 17 July 2023, Complainant received a dismissal letter from OFO Director Carlton M. Haddon stating that "the appeal listed under the above referenced docket number is being closed because it is premature (Exhibit 7)."  I have filed this Court complaint because disagree with Mr. Hadden assertion that this appeal is premature and believe Mr. Haddon

has abused his authority by dismissing this case, and did so to get Ms. Erica White Dunston and EEOC Supervisory Administrative Law Judge Hayot off the hook for violating my Title VII Civil Rights.

**APPELLANT'S STATEMENT TO SUPPORT COMPLAINT**

**19.** Appellant established **initial** EEO contact with Ms. Erica White Dunston on 05/16/2022 at **12:54:26 PM Eastern Standard Time (Exhibit A)**. Ms. Dunston was listed on the EEOC's well maintained list of **"Federal Agency EEO Directors"** for the Department of the Interior's Office of Diversity, and Inclusion and Civil Rights **(ODICR) (Exhibit B)**. For the 2nd time, I emailed Ms. Erica White Dunston on 05/16/2022 at **12:54:32 PM Eastern Standard Time (Exhibit C)**. Thirty seven second (37 seconds) after sending this second email, I received the only "automatic reply" from Ms. Dunston that states, **"I am currently out of the office and unable to respond to your message. If you need assistance during my absence, please contact Acting ODCIR Director, Alesia Pierre-Louis"** which indicates that she will be returning back to the office at some time in the future **(Exhibit D)**. Although she did not say when she would return and oddly didn't provide her alternate's (in this case, Alesia Pierre-Louis') email address, which is standard operating procedure in situation like this.

**20.** From the outset, EEOC Supervisory ALJ Judge Danielle J. Hayot and Office of the Solicitor General Attorney Rachel Wieghaus were out to make me focus on Alessia Pierre-Louis. Ms. Louis' email address is Alessia_Pierre-Louis@ios.doi.gov. On 05/25/2022, one of the emails that I forwarded to was AlesiaPierre-Louis@ios.doi.gov, which does not have the underscore between

Alesia and Pierre; this is why she says in her declaration that **"my email address is not and has never been** AlesiaPierre-Louis@ios.doi.gov**,"** but these attorneys have underestimated my intelligence. I am not following this <u>diversion</u> they have created. <u>**Ms. Alessia Pierre-Louis is a non-factor in this situation because she was not on the EEOC's list of Federal Agency EEO Directors when I first established EEO contact with Ms. Erica White Dunston on 05/16, 2022 at 12:54:26 PM Eastern Standard Time (EST).**</u>

21. EEOC Supervisory Administrative Law Judge Hayot colluded with Attorney Rachel Wieghaus to dismiss my case." At the beginning of the meeting, the administrative Judge used the excuse that the email address was not valid, but the **only** email address that matters is that of the Federal EEO Director of the Department of the Interior, Erica White Dunston's, who was current when I first established EEO contact on 05/16/2022 **(Exhibit A)**.

22. The Supervisory Administrative Law Judge Hayot and Attorney Wieghaus are trying to avoid the obvious, which is the <u>VALID</u> contact that I established with Erica White Dunston, who was at the time of my emails on 05/16 2022 and 05/25/2022, the **"Federal EEO Director" of the Department of the Interior (Exhibit A)**. Ms. Dunston never stated in a sworn declaration that "[her] email address is not and has never been **erica_white-dunston@ios.doi.gov**" because the Attorney's strategy was to shift the focus to Alesia Pierre-Louis to create a false narrative for dismissal – **they have greatly erred.**

23. Ms. Louis was not listed as the Federal EEO Director of the Department of the Interior on 05/16/2022, which is when I initially established EEO contact, but she was by the time of the February 03, 2023, meeting with Supervisory Administrative Judge Hayot. Therefore, she is a **non-factor** in this argument. Attorney Wieghaus and the Administrative Judge Hayot thought I was gullible enough to follow this path. Ms. Dunston's out of office reply <u>**was not**</u> an indication

that she would never return to work or was not working, it just provided an alternative in case of an urgency or emergency until she returned to work.

**24.** In the tape recording (**exhibit 1**)[1], the Judge took the most one sided/partial view that revealed she was colluding with Attorney Wieghaus, stating, what can be heard in my recording of the meeting, **"I don't in fact know if they worked in the agency's EEO office"** – this is a deceitful statement because these Federal Agency Directors may not work in the agency's EEO office, but they are a verified points of contact, for the sake of timeliness, and know how to put a Complainant in touch with a specific agency's EEO complaints manager or EEO counselor.

I also know that contacting these Department level EEO officials by email establishes EEO contact. These directors have the capability of reaching whomever they need to reach to start the EEO process; this is the very reason that the EEOC maintains such a well verified listing of **"Federal Agency EEO Directors."**

**25.** Judge Hayot intentionally lied to Complainant and colluded with Attorney Wieghaus to dismiss a case in which it is clear that sanctions with a finding of discrimination and Reprisal are appropriate and should have been imposed by the EEOC pursuant for violation of EEOC regulations by such aa high level EEO official as Ms. Erica White-Dunston. The actions of these officials create a chilling effect on the EEO process and justifies and underscores the very lack of confidence that Black Americans have in the EEO process.

## COUNT I

**Violation of Title VII of the Civil Rights Act of 1964**

**42 U.S.C. Section 2000e-2(a)**

---

[1] Exhibit 1 is a transcribed version of Appellant's recording of the meeting, which will be provided at the Court's request.

**Disparate Treatment**

26. Plaintiff realleges and incorporates the allegations of all paragraphs above as if fully set forth in Count I.

Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin, marital status, or physical or mental handicap unrelated in nature and extent so as to reasonably preclude the performance of the employment; or to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, age, national origin, marital status, or physical or mental handicap unrelated in nature and extent so as to reasonably preclude the performance of the employment.

27. At all pertinent times, Defendant, Department of the Interior, was an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

Plaintiff was subjected to disparate treatment based on race, when, among other things, Erica White-Dunston failed to respond to Appellant's email and created a false narrative of statin that Alessia Pierre Louis would be her alternate without providing her email address, thus harming timely processing of Appellant EEO complaint within the 45 day time limit.

28. At all pertinent times Defendants were aware of the disparate treatment Plaintiff was subjected.

29. At all pertinent times Erica White Dunston as Department of Interior EEO Director of Defendant **DEB HAALAND.** Defendants were and are responsible for the acts of its employees and/or agents.

The conduct of Defendants, by and through the conduct of its employees and/agents, deprived Plaintiff of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

**30.** As a direct, natural, proximate and foreseeable result of the actions of Defendant Erica White Dunston and Defendant **DEB HAALAND**, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Wherefore, Plaintiff Kirk Webster, Sr. prays that the court will:

**A.** Issue a declaratory judgment that Defendants' practices toward Plaintiff violative of his rights under Title VII of the Civil Rights Act of 1964, 42 US.C. S 2000e-2(a).

**B.** Enjoin Defendants from unlawful discriminatory practices against emp under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

**C.** Grant Plaintiff judgment against Defendants and award economic and compensatory damages.

**D.** Grant Plaintiff his costs and a reasonable award of attorney's fees, if applicable.

## COUNT II

### Discrimination by Retaliation

**Violation of Title VII of the Civil Rights Ad of 1964 42 U.S.C. Section 2000e-3(a)**

**Retaliation**

**31.** Plaintiff realleges and incorporates the allegations of all paragraphs above as if fully set forth in Count II.

**32.** Title VII of the Civil Rights Act of 1964 prohibits discriminatory employment practices of an employer against any of his employees because he/she *has* opposed any practice made an unlawful



employment practice or because he/she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

**33.** Plaintiff has a statutorily protected right to oppose or participate in reporting the harassing and discriminatory activities of Defendant by and through its employees and/or agents.

**34.** At all pertinent times, Defendant was employers subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a).

At all pertinent times, Plaintiff was an **applicant** for employment entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U. S.C. Section 2000e-3(a).

**35.** Plaintiff was subjected to the retaliatory treatment because Erica White Dunston failed to act on his discrimination complaint due to Plaintiff prior EEO activity.

The conduct of Defendants, by and through the conduct of its employee agents, deprived Plaintiff of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a).

**36.** As a direct natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Wherefore, Plaintiff Webster prays that the court will:

**A.** Issue a declaratory judgement that Defendants' practices toward Plaintiff were violative of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-3(a).

**B.** Enjoin Defendants from retaliating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C Section 2000e-3(a).

**C.** Grant Plaintiff judgment against Defendants and award economic: and compensatory damages.

**D.** Grant Plaintiff his costs and a reasonable award of attorney's fees.

10
13

### Count III

**Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. Section 2000e-(2a)**

**Race Discrimination.**

37. Plaintiff realleges and incorporates the allegations of all paragraphs above as if fully set forth in Count III.

38. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin, marital status, or physical or mental handicap unrelated in nature and extent so as to reasonably preclude the performance of the employment; or to limit segregate, or classify his employees or applicants for employment opportunities or otherwise **adversely affect his status as an employee,** because of the individual's race, color, religion, sex, age, national origin, marital status, or physical or mental handicap unrelated in nature and extent so as to reasonably preclude the performance of the employment.

At all pertinent times Defendant was subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

39. At all pertinent times Plaintiff was an applicant entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

Plaintiff was subjected to disparate treatment based on race and reprisal, when, among other things:

Department of the Interior EEO Director, Erica White Dunston tried to mask discrimination by deliberately failing to timely respond to Plaintiff's email.

40. At all pertinent times Erica White Dunston was an employee and/or agent of

Defendants, **DEB HAALAND.**

At all pertinent times Defendant was and is responsible for the acts of their employees and/or agents.

The conduct of Defendants, by and through the conduct of its employees, agents; deprived Plaintiff of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

41. As a direct, natural, proximate and foreseeable result of the actions of Defendant's

Defendant **DEB HAALAND**, Plaintiff has suffered past and future pecuniary losses, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## PRAYER FOR RELIEF

42. WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in her favor and against the Defendants, and to provide the following relief:

(a) Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race, reprisal, and age. Declaratory judgment be entered finding Defendants' acts and employment practices unlawful, and that Defendants be enjoined from engaging in such unlawful acts and practices;

(b) That an Order be issued for back pay with prejudgment interest and all the benefits to which Plaintiff is entitled, including interest thereon to the present time, with the actual amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice.

(c) Order Defendants to make Plaintiff whole by providing compensation for non-pecuniary losses resulting from unlawful employment practices described above, including but not limited to psychological and emotional pain, suffering, inconvenience, loss of enjoyment of life, and

humiliation at the statutory limit of $300,000 dollars for each count plus all interest available under Federal and State laws for non-economic injuries;

(d) Order Defendants to carry out the following relief:

*Damages at the statutory cap of $300,000 for unlawful discrimination on the basis of race, Black American, and $300, 000 for unlawful discrimination by Retaliation.*

## JURY DEMAND

**43.** Plaintiff demands a trial by jury on all questions of fact raised by his complaint.

*[signature: Kirk E. Webster, Sr.]*

**KIRK E. WEBSTER, SR., Pro Se**

### EXHIBITS:

1. Exhibits 1 - 7
2. Exhibits A - D