# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KIRK E. WEBSTER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 23-3050 (RC) |
| | : | |
| v. | : | Re Document Nos.: 8, 11 |
| | : | |
| DEB HAALAND, | : | |
| *Secretary of the of Interior*, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

**GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO AMEND**

## I. INTRODUCTION

Plaintiff Kirk Webster ("Plaintiff") filed this action *pro se* against Deb Haaland, in her official capacity as Secretary of the Department of the Interior ("Defendant"), claiming disparate treatment, retaliation, and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2. Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff also moves for leave to amend his Complaint, adding a count of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621(a)(b). For the reasons set forth below, the Court grants Defendant's motion to dismiss and denies Plaintiff's motion for leave to amend his complaint. The Court grants Plaintiff 30 days to file an amended complaint that cures the deficiencies identified by the Court in the original Complaint and the Proposed Amended Complaint.

## II.  FACTUAL BACKGROUND

According to the allegations in the Complaint, Plaintiff Kirk Webster is a Black American male, Compl. ¶ 6, ECF No. 1, who applied for a Geographic Information System Specialist ("GIS Specialist") position at the Department of Interior ("the Agency") in April 2022, *id.* ¶ 10; *see also* Ex. 1 to Compl. at 5, ECF No. 1-1.[1]  The Agency did not select him, informing him that his application was not "referred to the hiring manager for [the] position."  Compl. ¶ 10; Ex. 1 to Compl. at 12.  Plaintiff then emailed an Equal Employment Opportunity ("EEO") official at the Agency, seeking "to file an informal complaint of race based (Black) discrimination, Reprisal – for disclosure discrimination, and age (62) when I was not interviewed, referred to the hiring official, and ultimately non-selected."  Ex. 1 to Compl. at 12.  Plaintiff received an out-of-office reply encouraging him to contact an alternate official.  *Id.* at 14.  That alternate official did not respond to his email, *id.* at 15–20, which the Agency contends resulted from a typo in the official's email address, Ex. 2 to Compl. at 37–39.  An Equal Employment Opportunity Commission ("EEOC") administrative law judge later dismissed his complaint for failure to exhaust before the agency, Ex. 5 to Compl. at 103–04, and his subsequent administrative appeal was closed as "premature" without a "final decision" from which to appeal, Ex. 7 to Compl. at 197.

Plaintiff filed a Complaint on October 13, 2023, bringing Title VII claims for disparate treatment based on race (Count I), Compl. ¶ 27, retaliation for his prior EEO activity (Count II), *id.* ¶ 35, and racial discrimination (Count III), *id.* ¶ 39.  Defendant moved to dismiss.  *See* Def.'s Mot. Dismiss (Mot.), ECF No. 8-1.  Plaintiff moved for leave to amend his Complaint, adding a

---

[1] When citing the exhibits accompanying Plaintiff's Complaint, the Court refers to the page numbers generated by ECF.  These exhibits can all be found at ECF No. 1-1.

charge of age discrimination in violation of the ADEA.  *See* Pl.'s Mot. Amend, ECF No. 11; Pl.'s Proposed Am. Compl. ¶ 42, ECF No. 11-1.  Defendant opposes the motion to amend. Def.'s Opp'n Mot. Amend, ECF No. 14.

### III.  LEGAL STANDARD

#### A.  Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint" by asking whether the plaintiff has properly stated a claim on which relief can be granted. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In deciding a motion to dismiss under Rule 12(b)(6), a court must consider the whole complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  However, a court may disregard "inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (quoting *Kowal*, 16 F.3d at 1276).

To survive a motion to dismiss, a plaintiff must provide "a short and plain statement of the claim," Fed. R. Civ. P. 12(b)(6), that "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 570).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Id*.  In determining a 12(b)(6) motion, the Court may consider "only the facts alleged in the complaint [and] any documents either attached to or incorporated in the complaint and matters of which [the Court]

may take judicial notice." *Equal Employment Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

In the context of Title VII employment discrimination suits, the plaintiff need not "anticipate legitimate, non-discriminatory reasons that may be proffered by the employer for the adverse employment action nor allege pretext to survive a motion to dismiss." *Townsend v. United States*, 236 F. Supp. 3d 280, 298 (D.D.C. 2017). Instead, a Title VII plaintiff need only allege "facts that, taken as true, render his [discrimination] claim plausible." *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015). Yet while a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56 (quotations removed). When evaluating a motion to dismiss an employment discrimination claim, the "guiding lodestar is whether, assuming the truth of the factual allegations, the inferences of discrimination drawn by the plaintiff are reasonable and plausibly supported." *Lawson v. Sessions*, 271 F. Supp. 3d 119, 134 (D.D.C. 2017) (cleaned up).

Finally, because Plaintiff in this case is proceeding *pro se*, the Court will construe his complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, the Court may "examine other pleadings to understand the nature and basis of [the plaintiff's] *pro se* claims" as alleged in his complaint. *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002)). Nevertheless, even a *pro se* plaintiff is not excused from adhering to the applicable procedural rules and must "plead factual matter that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Off. Of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Therefore, despite the liberality

afforded *pro se* complaints, the Court "need not accept inferences unsupported by the facts alleged in the complaint or 'legal conclusions cast in the form of factual allegations.'" *Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008) (quoting *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.D.C. 1994)).

### B.  Motion to Amend Complaint

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 says after serving it, or within a specified amount of time if the pleading is one to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 also instructs courts to "freely give leave [to amend] when justice so requires." *Id.*; *see also Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) (explaining that Rule 15 "is to be construed liberally"). This standard, however, "does not mean that leave must be granted in call cases." *Graves v. United States,* 961 F. Supp. 314, 317 (D.D.C. 1997). Federal courts may deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant or deny leave to amend "is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).

### IV.  ANALYSIS

The Court's analysis proceeds in three parts. First, the Court addresses Defendant's argument that Title VII provides no cause of action for challenging the EEO administrative process. The Court then considers whether Plaintiff has alleged sufficient facts to support disparate treatment, retaliation, and race discrimination claims. Finally, the Court evaluates

whether Plaintiff should be granted leave to amend. Because all of Plaintiff's claims are predicated on the same vague and conclusory allegations regarding the EEO complaint process, with little connection between his non-selection and his race or age, the Court grants the motion to dismiss and denies Plaintiff's motion to amend. However, the Court will afford Plaintiff the opportunity to correct these shortcomings by filing an amended complaint.

### A.  Motion to Dismiss

Plaintiff alleges that the Agency engaged in disparate treatment, retaliation, and race discrimination by failing to respond to his email and act on his EEO complaint. Compl. ¶¶ 27, 35, 39. Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6), contending that Plaintiff's allegations target the mishandling of his EEO complaint, which is not cognizable under Title VII. Mot. at 6–7. Defendant adds that Plaintiff pleads insufficient facts to establish a plausible Title VII discrimination or retaliation claim. *Id.* at 3–6. The Court agrees.

#### 1.  EEO Complaint Processing

Here, Plaintiff's Title VII claims against Defendant rest primarily on the theory that the relevant Department of the Interior EEO director failed to timely respond to his EEO complaint about the non-selection of his application for a GIS specialist position. *See* Compl. ¶¶ 27, 35, 39. The factual allegations similarly revolve around multiple EEO officials' untimely and dismissive processing of Plaintiff's EEO complaint. Compl. ¶¶ 11–25.

The Court agrees with Defendant that precedent both inside and outside this circuit has long established that Title VII provides no cause of action to challenge "negligence or other malfeasance" in handling EEO discrimination complaints. *Smith v. Casellas,* 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam); *see also Wright v. Dominguez*, No. 04–5055, 2004 WL 1636961, at *1 (D.C. Cir. July 21, 2004) (collecting cases); *Douglas-Slade v. LaHood*, 793 F. Supp. 2d 82,

96 (D.D.C. 2011) (collecting cases); *Lawson v. Sessions*, 271 F. Supp. 3d 119, 140 (D.D.C. 2017) ("[T]he mishandling of an EEO complaint, *on its own*, does not give rise to an independent cause of action under Title VII or the ADEA."); *McCottrell v. Equal Emp. Opportunity Comm'n*, 726 F.2d 350, 351 (7th Cir. 1984) ("It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge.").  This is because Congress provides a private right of action for victims of employment discrimination to sue their employers in federal court as a remedy for "any improper handling of a discrimination charge." *Smith,* 119 F.3d at 34.  This remedy is available even when an agency EEO office or the EEOC rejects plaintiffs' claims. *See Bagenstose v. District of Columbia*, 503 F. Supp. 2d 247, 255 (D.D.C. 2007).  Consequently, "[i]mplying a cause of action against the EEOC contradicts [Title VII's] policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the [EEOC] in fruitless litigation with charging parties." *Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir. 1983).  To the extent Plaintiff's Title VII claims target the EEO process, those claims fail.

## 2. Non-Selection

In his opposition to Defendant's motion to dismiss, Plaintiff asserts that "[t]he cause of action is that Plaintiff was non-selected." Pl.'s Opp'n Def.'s Mot. Dismiss at 2.  Defendant contends that Plaintiff has failed to assert facts stating a Title VII claim. Mot. at 3–6.  Although Title VII does not provide a cause of action for faults in EEO complaint processing, the Court construes Plaintiff's complaint liberally and considers whether Plaintiff sufficiently alleges Title VII claims based on his non-selection for the GIS Specialist role. *See Erickson*, 551 U.S. at 94; *Gray*, 275 F.3d at 1115 (stating that the Court may "examine other pleadings to understand the

7

nature . . . of [the] *pro se* claims"); Compl. ¶ 10 (citing Plaintiff's "non-referral to the hiring manager").  Here, Plaintiff brings Title VII claims under three theories, arguing he suffered (I) disparate treatment based on race; (II) race discrimination; and (III) retaliation for his EEO activity.  Compl. ¶¶ 27, 35, 39.  The Court considers these three counts and determines that they do not state a plausible claim for relief.

Title VII declares that "[a]ll personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race."  42 U.S.C. § 2000e–16(a).  Title VII also makes it "an unlawful employment practice . . . to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [his] race."  42 U.S.C. § 2000e-2(a)(1).  To prove employment discrimination, a plaintiff must ultimately establish that he "suffered an adverse employment action . . . because of [his] race, color, religion, sex, or national origin."  *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008).  An employee may establish disparate treatment under Title VII by demonstrating that the employer "has 'treated [a] particular person less favorably than others because of' a protected trait."  *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 985–86 (1988)).[2]

---

[2] Where a Title VII plaintiff brings a discrimination claim in the absence of direct evidence, courts apply the three-step evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Etokie v. Duncan*, 202 F. Supp. 3d 139, 148-49 (D.D.C. 2016); *Calhoun v. Johnson*, 632 F.3d 1259, 1261 (D.C. Cir. 2011).  To establish a prima facie case of discrimination, the plaintiff must show that: "(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination."  *Czekalski v. Peters*, 475 F.3d 360, 364 (D.C. Cir. 2007) (citation and internal quotation marks omitted).  However, the prima facie case is "an evidentiary standard, not a pleading requirement."  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002).

At the motion to dismiss stage, the plaintiff must "plead sufficient facts to show a plausible entitlement to relief." *Rodriguez v. Donovan*, 922 F.Supp.2d 11, 17 (D.D.C. 2013); *see also Swierkiewicz*, 534 U.S. at 511 (stating that "the ordinary rules for assessing the sufficiency of a complaint apply" to Title VII complaints); *Harris*, 791 F.3d at 70 (examining whether plaintiff's claims were plausible); *Jackson v. Acedo*, No. 08-cv-1941, 2009 WL 2619446, at *4 (D.D.C. Aug. 26, 2009) (concluding that plausibility pleading applies to employment discrimination claims). The "plaintiff must 'allege some facts that demonstrate [his] race was the reason for defendant's actions' and cannot merely 'invoke his race in the course of a claim's narrative.'" *Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 102 (D.D.C. 2021) (quoting *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990)).

The Court considers Plaintiff's race discrimination claims together because his disparate treatment theory is really a subset of racial discrimination claims. *See Segar v. Smith*, 738 F.2d 1249, 1265 (D.C. Cir. 1984) (describing disparate treatment as one of two main theories under Title VII, alongside disparate impact).[3] Even if the Court construes these claims as based on Plaintiff's non-selection for the GIS position, as he states in his opposition to the motion to dismiss, they remain factually deficient. The only relevant allegation included in Plaintiff's Complaint is an assertion that "in [his] non-referral to the hiring manager, [he] was subjected to discrimination on the basis of race." Compl. ¶ 10. His EEO complaint contains a similar statement without further factual basis. *See* Ex. A to Compl. at 64. This is a conclusory allegation that presents "legal conclusions couched as factual allegations," with nothing more to

---

[3] Plaintiff's disparate treatment claim is nominally based on the EEO's "fail[ure] to respond to [Plaintiff's] email," which "harm[ed] timely processing of [his] EEO complaint." Compl. ¶ 27. His racial discrimination claim is based on the assertion that the EEO director "tried to mask discrimination by deliberately failing to timely respond to Plaintiff's email." Compl. ¶ 39. As discussed above, Title VII provides no cause of action for these grievances.

9

suggest that the alleged non-selection was because of his race. *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678)); *see also Williams v. Dodaro*, 576 F. Supp. 2d 72, 87 (D.D.C. 2008) ("Mere allegations and conclusory assertions made on the basis of 'belief' do not suffice to establish discrimination for purposes of the *McDonnell Douglas* test."); *Bishop v. United States Dep't of Agric.*, No. 1:22-cv-0635, 2022 WL 17415049, at *2 (D.D.C. Dec. 5, 2022), *aff'd*, No. 23-5008, 2023 WL 6323760 (D.C. Cir. Sept. 28, 2023) (dismissing complaint where plaintiff "only manage[d] to allege, in conclusory fashion, that he [was] a member of a protected class who suffered an adverse employment action because of his race and sex"). Plaintiff thus alleges insufficient facts in his Complaint to support an inference of discrimination.

In his sur-reply, Plaintiff adds that the hiring official knew his race because he listed it on his resume. *See* Ex. 2 to Pl.'s Sur-Reply at 4, ECF No. 15-2 (listing Plaintiff's "Race/Ethnicity" as "Black American"). Yet, again, "bare allegations about [Plaintiff's] protected status are insufficient to show that the treatment [he] received from [the employer] was *because of* [his] age, national origin or race." *Peters v. District of Columbia*, 873 F. Supp. 2d 158, 194 (D.D.C. 2012). Plaintiff's allegation that he included his race on his resume still fails to state a claim because—other than implying the possibility that the Agency saw his race before making the hiring decision—it provides no further factual basis for the inference that Plaintiff was not selected *because of* his race.

To survive a motion to dismiss, claims of discrimination usually require at least a minimal factual basis from which the Court can draw "an inference of discrimination." *Czekalski*, 475 F.3d at 364. The D.C. Circuit has held that to state a claim, a Title VII plaintiff must simply "dispel any 'obvious alternative explanation[s]'" for the adverse employment

action.  *Ho v. Garland*, 106 F.4th 47, 54 (D.C. Cir. 2024) (quoting *Wilson v. Arkansas Dep't of Hum. Servs.*, 850 F.3d 368, 373 (8th Cir. 2017)).  These explanations include "an absolute or relative lack of qualifications," which represents one of the "most common legitimate reasons on which an employer might rely to reject a job applicant." *Id.* at 53 (quoting *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1150 (D.C. Cir. 2004)).  Plaintiff does not include, for instance, any information regarding whether he was "significantly better qualified for the job" than other candidates or the final selectee, a fact that may raise the necessary inference of discrimination. *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1294 (D.C. Cir. 1998).  He does not assert that the Agency continued to seek applicants for the position after rejecting him. *See McDonnell Douglas Corp.*, 411 U.S. at 802.  Nor does he "identif[y] specific statements purportedly made" by a hiring official "reflecting an animus against individuals of" his protected class. *Attakora v. District of Columbia*, 943 F. Supp. 2d 152, 157 (D.D.C. 2013).  Plaintiff does not dispel the obvious alternative explanation that the agency hired someone whose qualifications it preferred, and his conclusory allegations of racial discrimination "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557.  His Title VII discrimination claims must be dismissed.

The Court now turns to Plaintiff's retaliation claim.  Title VII's anti-retaliation provision renders it illegal for an employer "to discriminate against [an] employee[] . . . because he has opposed any practice" prohibited by this subchapter, or because "he has made a charge . . . or participated in any manner" in a Title VII proceeding.  42 U.S.C. § 2000e-3(a).  To prove retaliation, a "plaintiff generally must establish that he or she suffered (i) a materially adverse action (ii) because he or she had brought or threatened to bring a discrimination claim." *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 (D.C. Cir. 2008).  At the motion to dismiss stage, "[a]

11

plaintiff alleging [a] retaliation [claim] faces a low hurdle." *Winston v. Clough*, 712 F. Supp. 2d 1, 11 (D.D.C. 2011).

Here, however, Plaintiff's allegations fail to satisfy even this liberal standard. Plaintiff's retaliation claim rests on the conclusion that "in [his] non-referral to the hiring manager, [he] was subjected to discrimination" because of his "prior EEO activity." Compl. ¶¶ 10, 35. While Plaintiff did engage in statutorily protected EEO activity by filing an EEO complaint, *see Walker v. Mattis*, 319 F. Supp. 3d 267, 271 (D.D.C. 2018) (explaining that "[f]iling a complaint of discrimination . . . plainly constitutes protected activity"), he fails to show a causal connection between this activity and the alleged non-selection. The pleaded facts indicate that Plaintiff discovered that his GIS specialist application was not referred to the hiring manager *before* he filed the EEO complaint on May 19, 2022. Compl. ¶¶ 10–11. It is therefore not possible that Plaintiff's non-selection represented retaliation for his EEO complaint, as "the only employment actions that could plausibly be considered retaliation must have taken place *after* [the] plaintiff engaged in protected activity." *Wilson v. Mabus*, 65 F. Supp. 3d 127, 133 (D.D.C. 2014) (emphasis added); *see also Peternel v. Buttigieg*, No. 23-cv-670, 2023 WL 8233548, at \*6 (D.D.C. Nov. 28, 2023) (noting that a plaintiff does not plead causation "when the alleged retaliation occurred before the alleged protected activity"). The Complaint contains no facts showing that Plaintiff engaged in any other protected activities prior to the alleged non-selection. *See generally* Compl. Plaintiff's retaliation claim must therefore be dismissed, as well.

### B. Motion to Amend

The Court finally addresses Plaintiff's motion for leave to amend his Complaint. The original Complaint alleged racial discrimination and retaliation for Plaintiff's EEO activity. Plaintiff filed a motion to amend to add a fourth claim of age discrimination in violation of the

ADEA.  *See* Proposed Am. Compl. ¶¶ 1, 43.  Defendant opposes the motion, contending that Plaintiff simply recites the statutory language of the ADEA and does not allege facts creating an inference that his non-selection was the result of age discrimination.  Def.'s Opp'n Mot. Amend at 4.  The Court has reviewed the Proposed Amended Complaint and denies the motion to amend.

Although leave to amend a complaint shall be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), "[c]ourts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."  *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *see also Norris v. Salazar*, 746 F. Supp. 2d 1, 3 (D.D.C. 2010).  This includes when the proposed amended complaint "merely restates the same facts as the original complaint."  *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012).  Plaintiff does not alter or supplement his Title VII claims in the Proposed Amended Complaint.  Having granted Defendant's motion to dismiss all of Plaintiff's Title VII claims, the Court concludes that permitting Plaintiff to "amend" those claims would be futile.

Plaintiff's new age discrimination claim also lacks sufficient facts to render it plausible.  To state an age discrimination claim under the ADEA, a plaintiff must establish that: (i) he suffered an adverse employment action (ii) because of his age.  *See Baloch*, 550 F.3d at 1196–97.  Plaintiff asserts in his reply that "[m]y age was . . . easily discernable by the Selecting official by the documents attached to my application," meaning that the individual conducting hiring knew that he "was above the age of 40."  Pl.'s Reply at 1–2.  The Proposed Amended Complaint contains no further detail other than the language of the ADEA and Plaintiff's statement that he is "seeking redress for violations of his rights under" the ADEA.  Proposed Am. Compl. ¶ 1.  Plaintiff nowhere alleges that the Agency declined to select him because of his age.  Even if he

13

did, "bare allegations about [Plaintiff's] protected status are insufficient to show that the treatment [he] received from [the employer] was *because of* [his] age." *Peters*, 873 F. Supp. 2d at 194.  Plaintiff has provided no factual allegations that indicate how his age could have played a role in his alleged non-selection for the GIS role.  Because Plaintiff's ADEA claim "would not survive a motion to dismiss," the Court denies his motion to amend as futile.  *James Madison*, 82 F.3d at 1099.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Amend is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint, on or before October 21, 2024, that cures the deficiencies identified by the Court in the original Complaint and the Proposed Amended Complaint.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 19, 2024                                              RUDOLPH CONTRERAS
                                                                                                  United States District Judge