UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KIRK E. WEBSTER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 23-3050 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 19, 23 |
| | : | | |
| DOUG BURGUM, | : | | |
| *Secretary of the Interior*, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

GRANTING DEFENDANT'S MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR A STATUS CONFERENCE

### I. INTRODUCTION

Plaintiff Kirk Webster ("Plaintiff") filed this action *pro se* against Deb Haaland, in her official capacity as Secretary of the Department of the Interior ("Defendant").[1] Plaintiff's original Complaint alleged disparate treatment, retaliation, and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2. On September 19, 2024, the Court granted Defendant's motion to dismiss, denying Plaintiff's motion to amend, and granted Plaintiff leave to file an Amended Complaint. Plaintiff filed an Amended Complaint on October 11, 2024, claiming disparate treatment and race discrimination under Title VII (Counts I and II) and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621 (Count III). Defendant moves to dismiss Plaintiff's

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Haaland, a Biden administration official, has been substituted for her successor, Secretary Doug Burgum.

Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the Court grants Defendant's motion to dismiss.[2]

## II.  FACTUAL BACKGROUND

Plaintiff commenced this action on October 13, 2023.  Compl., ECF No. 1.  According to the allegations in the original Complaint, Plaintiff Kirk Webster is an African-American male, *id.* ¶ 6, who applied for a Geographic Information System Specialist ("GIS Specialist") position in the Bureau of Indian Affairs at the Department of Interior ("the Agency") in April 2022, *id.* ¶ 10; *see also* Ex. 1 to Compl. at 5, ECF No. 1-1.  The Agency did not select him, informing him that his application was not "referred to the hiring manager for [the] position."  Compl. ¶ 10; Ex. 1 to Compl. at 12.  Plaintiff then sought to file an informal complaint with the Equal Employment Opportunity ("EEO") official at the Agency that then became a formal complaint.  Ex. 1 to Compl. at 12, 15, 19.  An Equal Employment Opportunity Commission ("EEOC") administrative law judge later dismissed his complaint for failure to exhaust before the agency, Ex. 5 to Compl. at 103–04, and his subsequent administrative appeal was closed as "premature" without a "final decision" from which to appeal, Ex. 7 to Compl. at 197.

This Court dismissed all counts alleged in Plaintiff's original Complaint claiming disparate treatment, retaliation, and race discrimination in violation of Title VII.  *Webster v. Haaland*, No. 23-cv-3050 (RC), 2024 WL 4240286, at *1 (D.D.C. Sept. 19, 2024).  The Court first dismissed any theory targeting the EEO complaint processing procedure as not actionable under Title VII.  *Id.* at 3.  Then, the Court granted Defendant's motion to dismiss the counts of disparate treatment, race discrimination, and retaliation.  *Id.* at 4–5.  Analyzing disparate

---

[2] While this motion was pending, Plaintiff moved for a status conference.  ECF No. 23. Because the Court grants Defendant's motion to dismiss, the Court denies as moot Plaintiff's motion for a status conference.

treatment and race discrimination together, the Court determined that Plaintiff's Complaint pleaded insufficient facts to state a plausible claim for relief under his theory of non-selection based on racial discrimination. *Id.* The Court also dismissed Plaintiff's retaliation claim for failing to show a causal connection between the alleged non-selection and his later EEOC activity. *Id.* at 5.

Plaintiff filed an Amended Complaint on October 11, 2024, Am. Compl., ECF No. 18, and Defendant moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Def.'s Mot. Dismiss Pl.'s Am. Compl. ("Def.'s Mot."), ECF No. 19. The Amended Complaint is, in large part, identical to the original complaint, such as the allegations concerning the mishandling of Plaintiff's EEO complaint. *Compare* Am. Compl. ¶¶ 9–16, *with* Compl. ¶¶ 10–18.[3] Like the original Complaint, the Amended Complaint alleges disparate treatment and race discrimination in violation of Title VII. Am. Compl. ¶¶ 18–34.

To add factual support to his race discrimination claim, Plaintiff alleges that he applied for the GIS Specialist position with the Agency and was listed as "eligible" for the position with 23 years of experience as a Cartographic Analyst. *Id.* ¶ 20. Plaintiff alleges he was not referred to the hiring manager for the position, and the Agency continued to seek other applications for the position after his non-referral. *See* Pl.'s Opp'n to Def.'s Mot. Dismiss at 3–4 ("Pl.'s Opp'n"), ECF No. 21. The Amended Complaint claims the Agency informed Plaintiff of several reasons for his non-referral including but not limited to "not [being] among the most highly qualified applicants," "the position is subject to Indian (Native American) Preference and/or Veteran's

---

[3] The Court will not address allegations relating to the EEO complaint in this opinion because Plaintiff's causes of action in the Amended Complaint are based on discrimination in hiring and not the EEOC process. Furthermore, no new allegations regarding the EEOC have been brought after being dismissed by this Court previously. *See Webster*, 2024 WL 4240286, at *3.

3

Preference," and "the position is subject to Indian (Native American) Preference, but only Veteran Indian Preference candidates were referred." Am. Compl. ¶ 20.  Plaintiff alleges that he was "well qualified" and "significantly better qualified" than other candidates who were referred to the hiring manager. *Id.* ¶¶ 17, 20–21.  Plaintiff claims he was "not selected because [he was] Black and not 'Native American.'" *Id.* ¶ 17.  Additionally, the Amended Complaint alleges Plaintiff, 62 at the time of application, was subjected to age discrimination in violation of the ADEA when he was not referred to the hiring manager and not selected for the position. *Id.* ¶¶ 17, 35–41.  The Amended Complaint also claims that Plaintiff believes those referred to the hiring manager and the final selectee were younger than 40 years old and had significantly less experience than himself. *Id.* ¶ 17.

### III.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint" by asking whether the plaintiff has properly stated a claim on which relief can be granted. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In deciding a motion to dismiss under Rule 12(b)(6), a court must consider the whole complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  However, a court may disregard "inferences drawn by [a] plaintiff[] if such inferences are unsupported by the facts set out in the complaint."  *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (alterations in original) (quoting *Kowal*, 16 F.3d at 1276).

To survive a motion to dismiss, a plaintiff must provide "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

4

(quoting *Twombly*, 550 U.S. at 570).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Id.*  In determining a 12(b)(6) motion, the Court may consider "only the facts alleged in the complaint [and] any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

At the motion to dismiss stage, the plaintiff must "plead sufficient facts to show a plausible entitlement to relief." *Rodriguez v. Donovan*, 922 F. Supp. 2d 11, 17 (D.D.C. 2013) (finding that plaintiff failed to state a claim for discrimination under Title VII and ADEA); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (stating that "the ordinary rules for assessing the sufficiency of a complaint apply" to Title VII complaints); *Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 102 (D.D.C. 2021) ("[P]laintiff must 'allege some facts that demonstrate [his] race was the reason for defendant's actions' and cannot merely 'invoke his race in the course of a claim's narrative.'" (quoting *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990))); *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (examining whether plaintiff's Title VII claims were plausible); *Jackson v. Acedo*, No. 08-cv-1941, 2009 WL 2619446, at *4 (D.D.C. Aug. 26, 2009) (concluding that plausibility pleading applies to employment discrimination claims).  Yet while a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56 (quotation marks omitted).  When evaluating a motion to dismiss an employment discrimination claim, the

"guiding lodestar is whether, assuming the truth of the factual allegations, the inferences of discrimination drawn by the plaintiff are reasonable and plausibly supported." *Lawson v. Sessions*, 271 F. Supp. 3d 119, 134 (D.D.C. 2017) (cleaned up).

Finally, because Plaintiff in this case is proceeding *pro se*, the Court will construe his complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, the Court may "examine other pleadings to understand the nature and basis of [the plaintiff's] *pro se* claims" as alleged in his complaint. *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002)). Nevertheless, even a *pro se* plaintiff is not excused from adhering to the applicable procedural rules and must "plead factual matter that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Therefore, despite the liberality afforded *pro se* complaints, the Court "need not accept inferences unsupported by the facts alleged in the complaint or 'legal conclusions cast in the form of factual allegations.'" *Kaemmerling v. Lappin*, 553 F.3d 669, 677 (D.C. Cir. 2008) (quoting *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).

## IV.  ANALYSIS

The Court's analysis proceeds in two parts. The Court will address the first two counts of Plaintiff's Amended Complaint—disparate treatment and race discrimination—in conjunction under Title VII. The Court determines that these two counts relating to race do not state a plausible claim for relief. Second, the Court considers Plaintiff's ADEA claim and determines that the factual allegations pleaded in the Amended Complaint are insufficient to create an inference that his non-selection was the result of age discrimination. Because all of Plaintiff's

claims are predicated on threadbare, conclusory allegations of discrimination, the Court grants Defendant's motion to dismiss.

### A. Race Discrimination under Title VII

In the Amended Complaint, Plaintiff alleges disparate treatment and race discrimination in violation of Title VII because the Agency failed to select Plaintiff for the GIS Specialist position and failed to refer him to the hiring manager. Am. Compl. ¶¶ 18–34. The Court considers these claims together because Plaintiff's disparate treatment theory is a subset of racial discrimination claims. *See Webster*, 2024 WL 4240286, at *4; *Segar v. Smith*, 738 F.2d 1249, 1265 (D.C. Cir. 1984) (describing disparate treatment as one of two main theories under Title VII, alongside disparate impact). Defendant contends that Plaintiff does not plead any facts other than a conclusory allegation based on his belief of better qualification to support the race discrimination claim. *See* Def.'s Mot. at 1–3, 5. Plaintiff maintains that he has pleaded sufficient facts to state a claim of race-based discrimination, emphasizing his qualifications and eligibility, belief of being better qualified than other candidates, and how the Agency continued to seek other applications. *See* Pl.'s Opp'n at 3–4. The Court holds that Plaintiff's Amended Complaint fails to state a plausible claim for relief under Title VII.

Title VII declares that "[a]ll personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race." 42 U.S.C. § 2000e–16(a). Title VII also makes it "an unlawful employment practice . . . to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [his] race." *Id.* § 2000e-2(a)(1). To prove employment discrimination, a plaintiff must ultimately establish that he "suffered an adverse employment action . . . because of [his] race, color, religion, sex, or

7

national origin." *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008).  An employee may establish disparate treatment under Title VII by demonstrating that the employer "has 'treated [a] particular person less favorably than others because of' a protected trait." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 985–86 (1988)).[4]

Plaintiff's Amended Complaint remains factually deficient, relying heavily on conclusory allegations to support his racial discrimination theories.  The Court does not accept "threadbare recitals of the elements of a cause of action" as factual allegations.  *Iqbal*, 556 U.S. at 678; *see also Nurriddin*, 818 F.3d at 756 ("Nor must we accept legal conclusions couched as factual allegations.").  Plaintiff contends that he was subjected to racial discrimination because he "believe[s]" that he was "significantly better qualified than other candidates who were referred to the hiring manager."  Am. Compl. ¶ 20.  "Mere allegations and conclusory assertions made on the basis of 'belief' do not suffice to establish discrimination for purposes of the *McDonnell Douglas* test." *Williams v. Dodaro*, 576 F. Supp. 2d 72, 87 (D.D.C. 2008)).  Plaintiff's pleadings contain no information about the identity or qualifications of the other candidates to support his belief of being "significantly better qualified," and he erroneously infers that his eligibility to

---

[4] Where a plaintiff brings a discrimination claim in the absence of direct evidence, courts apply the three-step evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Etokie v. Duncan*, 202 F. Supp. 3d 139, 148–49 (D.D.C. 2016); *Calhoun v. Johnson*, 632 F.3d 1259, 1261 (D.C. Cir. 2011).  This *McDonnell Douglas* framework applies to Title VII and ADEA discrimination claims.  *Barnette v. Chertoff*, 453 F.3d 513, 515 (D.C. Cir. 2006); *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004).  To establish a prima facie case of discrimination, the plaintiff must show that: "(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Czekalski v. Peters*, 475 F.3d 360, 364 (D.C. Cir. 2007) (citation and internal quotation marks omitted).  However, the prima facie case is "an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510.

apply is evidence of his superior qualifications compared to other candidates. Am. Compl. ¶ 20. Plaintiff also fails to provide any factual details about the final selectee. *See id.*

Most importantly, Plaintiff fails to plead sufficient facts to plausibly suggest non-selection was "because of" his race. *See Peters v. District of Columbia*, 873 F. Supp. 2d 158, 194 (D.D.C. 2012) ("[B]are allegations about [plaintiff's] protected status are insufficient to show that the treatment [she] received from [the employer] was *because of* her age, national origin or race."). In construing *pro se* pleadings liberally, Plaintiff contends the Agency hiring official knew his race because he listed it on his resume. *See* Ex. 2 to Pl.'s Sur-Reply at 4, ECF No. 15-2 (listing Plaintiff's "Race/Ethnicity" as "Black American"). However, even Plaintiff's allegation that he included his race on his resume still fails to state a claim because, other than implying the possibility that the Agency was *aware of* his race before making the hiring decision, the pleadings provide no further factual basis for the inference that Plaintiff was not selected *because of* his race.

The Amended Complaint also alleges discrimination because Plaintiff is not Native American under the Agency's "Indian (Native American) Preference" for positions in the Bureau of Indian Affairs. Am. Compl. ¶ 17. However, this argument is without merit because the preferential hiring practices for Native Americans in the Bureau of Indian Affairs do not constitute unlawful racial discrimination. *See Morton v. Mancari*, 417 U.S. 535, 553, 555 (1974) (upholding employment preference for Native Americans in the Bureau of Indian Affairs, reasoning that the policy "is not even a 'racial' preference"); *Am. Fed'n of Gov't Emps., AFL-CIO v. United States*, 330 F.3d 513, 520 (D.C. Cir. 2003) ("The Court's decisions 'leave no doubt that federal legislation with respect to Indian tribes, although relating to Indians as such, is

not based on impermissible racial classifications.'" (quoting *United States v. Antelope*, 430 U.S. 641, 645 (1977))).

The Amended Complaint fails to plead sufficient facts to support Plaintiff's theory of non-selection based on racial discrimination. *See Magowan v. Lowery*, 166 F. Supp. 3d 39, 69 (D.D.C. 2016) (even with liberal review of *pro se* pleading, rejecting as insufficient the bald assertion of discrimination without factual specificity); *see also Bishop v. U.S. Dep't of Agric.*, No. 22-cv-0635 (TNM), 2022 WL 17415049, at *2 (D.D.C. Dec. 5, 2022), *aff'd*, No. 23-5008, 2023 WL 6323760 (D.C. Cir. Sept. 28, 2023) (dismissing complaint because *pro se* plaintiff "only manage[d] to allege, in conclusory fashion, that he [was] a member of a protected class who suffered an adverse employment action because of his race and sex," which lacked sufficient factual content to push plaintiff's allegations of discrimination from merely possible to plausible); *Wu Xiaofeng v. Pompeo*, No. 15-cv-1040 (EGS), 2019 WL 1697868, at *11 (D.D.C. Apr. 17, 2019) (dismissing *pro se* plaintiff's national origin discrimination claim where complaint "does not allege any facts to link [plaintiff's] failure to receive promotions to her national origin or accent). Plaintiff's conclusory allegations of racial discrimination "stop[] short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (quotation marks omitted). Accordingly, the Court dismisses Plaintiff's Title VII disparate treatment and race discrimination claims.

### B. Age Discrimination under ADEA

Plaintiff's Amended Complaint also alleges he was discriminated against based on his age, 62 at the time of application, when he was not referred to the hiring manager and not selected. Am. Compl. ¶ 17. However, Plaintiff's age discrimination claim contains only recitals of ADEA's statutory language and the bare allegation that Plaintiff was discriminated against

according to his age.  Am. Compl. ¶¶ 17, 35–41.  Defendant moves to dismiss the age discrimination claims under the same theory of factual insufficiency.  Def.'s Mot. at 4–6.  Plaintiff does not appear to oppose the dismissal of the ADEA claim.  *See generally* Pl.'s Opp'n.  The Court agrees that Plaintiff fails to state an age discrimination claim.

The ADEA states: "It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age."  29 U.S.C. § 623(b).  The ADEA requires that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies . . . be made free from any discrimination based on age."  29 U.S.C. § 633a(a); *Barnette v. Chertoff*, 453 F.3d 513, 515 (D.C. Cir. 2006).  To state an age discrimination claim under the ADEA, a plaintiff must establish that: (i) they suffered an adverse employment action (ii) because of their age.  *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196–97 (D.C. Cir. 2008).  Plaintiffs bringing claims under the ADEA must establish that a "causal connection exists between [their] protected characteristic and the adverse employment action."  *Holmes v. Austin*, No. 23-cv-2415, 2024 WL 4345829, at *5 (D.D.C. Sept. 30, 2024); *Spence v. United States Dep't of Veterans Affs.*, 109 F.4th 531, 539 (D.C. Cir. 2024).

The Amended Complaint contains insufficient facts to plausibly plead Plaintiff's non-selection was "because of" Plaintiff's age.  *See Baloch*, 550 F.3d at 1196–97.  Plaintiff alleges age discrimination when he was not selected for the GIS Specialist position, and "believe[s] those referred to the hiring manager and the final Selectee were much younger (less than 40 years of age) and with significantly less experience" than himself.  Am. Compl. ¶ 17.  However, Plaintiff's belief is unsupported by any additional facts, making it a "bare allegation[]" insufficient to establish a causal connection between Plaintiff's age and non-selection.  *Peters*,

873 F. Supp. 2d at 194.  Plaintiff provides no factual allegations that indicate how his age could have played a role in his alleged non-selection for the position, let alone plausibly suggest non-selection was because of his age.  He identifies no specific individual nor supplies any actual ages of other candidates or the final selectee.  *See* Am. Compl. ¶¶ 17, 35–41.  Plaintiff's Amended Complaint fails to allege sufficient facts to create an inference that his non-selection was because of age discrimination.  *See also Holmes*, 2024 WL 4345829, at *5 (dismissing an ADEA claim because Plaintiff "failed to allege a sufficient connection between her . . . age and the adverse employment actions" without sufficient facts that similarly situated employees of a different age were treated more favorably).  The facts alleged in the Amended Complaint fail to raise a claim "above the speculative level" as required to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555.  Therefore, the Court dismisses Plaintiff's age-based employment discrimination claim under the ADEA.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 19) is **GRANTED**; and Plaintiff's motion for a status conference (ECF No. 23) is **DENIED** as moot.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  May 2, 2025                                                         RUDOLPH CONTRERAS
                                                                                                    United States District Judge